[Cite as *State v. Watson*, 2017-Ohio-1402.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                               :

    Plaintiff-Appellee,                  :          CASE NO.   CA2016-07-138

    - vs -                                       :          O P I N I O N
                                                           4/17/2017
                                                 :

MAURICE L. WATSON,                           :

    Defendant-Appellant.                 :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-02-0153


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Mark W. Raines, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, J.**

{¶ 1}   Defendant-appellant, Maurice Watson, appeals his conviction in the Butler County Court of Common Pleas for aggravated trafficking in drugs within the vicinity of a school.

{¶ 2}   The Butler County Sheriff's Office began investigating Watson after a confidential informant indicated Watson was involved in drug activity.  Agents with the Butler County Undercover Regional Narcotics Unit ("BURN") worked with the confidential informant

to perform a controlled buy. The confidential informant was given an audio and video recording device and money to purchase drugs. The confidential informant then approached Watson's residence.

{¶ 3} Joanice Sharp, Watson's girlfriend who lived with Watson in his home, unlocked the door to the residence and entered with the confidential informant. Sharp and the confidential informant then discussed the increase cost of drugs, and that Sharp was a drug user herself. Sharp told the confidential informant that she had to pay for her drugs because Watson did not "feed her" for free. During that conversation, Watson walked into the room and sat on the couch.

{¶ 4} Within the video taken by the confidential informant, Watson can be seen with a baggie in his hand that contained a substance. After Watson handed the confidential informant the bag, the confidential informant complained that the bag was not tied in the manner that Sharp normally tied the bag. Watson then stated that he did not "work in customer service."

{¶ 5} The confidential informant returned to the BURN agent's car, and handed him the baggie. The substance was tested, and proven to contain fentanyl, a controlled substance. Watson was arrested and indicted for aggravated drug trafficking and aggravated possession. The charges carried an enhancement that Watson committed the drug-related crimes within the vicinity of a school. Watson pled not guilty, and the matter proceeded to a two-day trial. The jury found Watson guilty of both charges, and the trial court merged the counts before sentencing Watson to 30 months in prison. Watson now appeals his conviction and sentence, raising the following assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S RULE 29 MOTION FOR ACQUITTAL AS EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW

TO SUPPORT THE CONVICTION OF AGGREVATED [SIC] TRAFFICKING.

{¶ 8} Watson argues in his first assignment of error that his Crim.R. 29 motion should have been granted.

{¶ 9} Crim.R. 29(A) provides that "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." An appellate court reviews the denial of a Crim.R. 29(A) motion pursuant to the same standard as that used to review a sufficiency-of-the-evidence claim. *State v. Mota*, 12th Dist. Warren No. CA2007-06-082, 2008-Ohio-4163, ¶ 5.

{¶ 10} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 12th Dist. Fayette No. CA2011-10-026, 2012-Ohio-3205, ¶ 9. Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 11} Watson was convicted of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), which provides, "No person shall knowingly do any of the following: sell or offer to sell a controlled substance or a controlled substance analog."

{¶ 12} During the jury trial, the state presented evidence, that when viewed in a light most favorable to the prosecutor, proves that Watson was guilty of aggravated trafficking in drugs.[1]

---

1. As will be addressed within Watson's second assignment of error, the enhancement for committing the crime within the vicinity of the school was also proven by the state. Although Watson was also convicted of aggravated

{¶ 13} The state called an agent with the BURN unit, who testified that he was involved in an investigation of Watson that started with a tip from a confidential informant that Watson was involved in drug activity. The agent testified that the investigation included conducting a controlled buy involving the confidential informant at Watson's home. The agent testified that Sharp and Watson lived in Watson's home, and that he gave the confidential informant a video and audio device to use during the buy. After the confidential informant was patted down to ensure that she was not carrying any drugs or paraphernalia, the agents gave the device to the confidential informant. Agents also gave the confidential informant $60.00 to purchase the drugs.

{¶ 14} The state then showed the jury the video captured by the confidential informant's recording device during the controlled buy. Within the video, Watson is seen sitting on the couch with a baggie in his hands. The confidential informant is looking at Watson when she takes out her money, and then an exchange occurs between the two, with Watson handing the confidential informant the baggie. The baggie was later determined to contain the controlled substance fentanyl.

{¶ 15} The agent then testified that after the controlled buy, the confidential informant returned to the agent's car and gave him the baggie. The agent also confirmed that the confidential informant returned to the car with no money.

{¶ 16} The state also called a forensic scientist who was employed with the Bureau of Criminal Identification as a chemical analyst. The analyst testified that the substance contained in the baggie, as given to the BURN agent by the confidential informant after the controlled buy, was fentanyl. The analyst also testified that fentanyl is a controlled substance.

---

possession of drugs, that count was merged for the purposes of sentencing, and Watson does not challenge that conviction on appeal.

{¶ 17}  After viewing this evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of aggravated drug trafficking proven beyond a reasonable doubt.  As such, the trial court properly denied Watson's Crim.R. 29 motion, and Watson's first assignment of error is overruled.

{¶ 18}  Assignment of Error No. 2:

{¶ 19}  THE CONVICTION AS RELATED TO THE ENHANCEMENT FOR DRUG TRAFFICKING IN THE VICINITY OF A SCHOOL WAS INSUFFICIENT TO PROVE THE INCIDENT TOOK PLACE IN THE VICINITY OF A SCHOOL.

{¶ 20}  Watson argues in his second assignment of error that the state failed to prove that his crimes were committed within the vicinity of a school.

{¶ 21}  According to R.C. 2925.03(C)(1)(b), if the offense was committed within the vicinity of a school or juvenile, aggravated trafficking in drugs is a third-degree felony.  R.C. 2925.01(P) and (Q) define "in the vicinity of a school" as being "on school premises, in a school building, or within one thousand feet of the boundaries of any school premises, regardless of whether the offender knows the offense is being committed" within these specified areas.

{¶ 22}  School, as used in defining school premises, is defined within R.C. 2925.01(Q) as:

> any school operated by a board of education, any community school established under [R.C. Chapter 3314], or any nonpublic school for which the state board of education prescribes minimum standards under [R.C. 3301.07], whether or not any instruction, extracurricular activities, or training provided by the school is being conducted at the time a criminal offense is committed.

{¶ 23}  The school enhancement specification increases the felony level for the offense and must be separately established beyond a reasonable doubt.  *State v. Howard*, 12th Dist. Warren No. CA2012-04-034, 2013-Ohio-1489, ¶ 55.  As such, it is "an essential

- 5 -

element of the state's case-in-chief." *Id.* The intent behind the school enhancement specification is "to punish more severely those who engage in the sale of illegal drugs in the vicinity of our schools and our children." *Id.*

{¶ 24} The state called a BURN drug task force sergeant who supervises daily activities of the unit such as undercover buys, execution of search warrants, and arrests. The sergeant testified that Watson's apartment building backs up to the Highland Elementary School, which is part of the Hamilton School District. The sergeant further testified regarding pictures of Watson's apartment, which depicted the closeness of the school to Watson's apartment, as well as a measuring device utilized by the BURN unit to measure the distance between Watson's apartment and the school.

{¶ 25} The sergeant then testified about measuring the distance between Watson's apartment and the Highland Elementary School. The sergeant measured 65 feet, 1 inch between the school property and the apartment building, and 121 feet between the apartment building and Watson's apartment. Therefore, the total distance between the school and Watson's apartment was approximately 186 feet. The sergeant then testified that the school was in use on the day of Watson's arrest.

{¶ 26} While Watson argues that the state did not present sufficient evidence because "merely calling a building a school does not meet the required level of proof to establish the school vicinity enhancement," this court has previously held that "circumstantial evidence may be used to prove that a building falls under the definition of 'school' required by R.C. 2925.01(Q)." *Howard* at ¶ 66.

{¶ 27} The state provided testimony from the BURN sergeant that Watson's apartment was within 186 feet of the Highland Elementary School, and that such school was part of the Hamilton City School District. The state also presented maps of the area that showed the proximity of Watson's apartment to the school. As such, and when viewed in a

light most favorable to the prosecution, the school enhancement was supported by sufficient evidence. Watson's second assignment of error is, therefore, overruled.

{¶ 28} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.